### Sands v. Smith.

1. LEX LOCI CONTRACTUS. An agreement for a loan of money was made in New York, and the money advanced there : a note dated in Nebraska, payable in New York, and a mortgage on lands in Nebraska, were given to secure the debt : *held*, that the circumstance that the note was made and dated in Nebraska, was immaterial ; the note was but an incident to the agreement. The contract is to be governed by the laws of New York.

Sands sued Smith and others upon a promissory note, dated at Omaha in Nebraska, payable in New York city, for $5,000 and interest, at 21 per cent per annum.

In his answer, Smith set out *in hæc verba* the usury laws of New York, which make void securities given for a loan of money, by which interest at a higher rate of interest than 7 per cent per annum, is received. He then alleged that before the making of the note, it was " in the said State of New York, corruptly and against the said law of the said State, agreed by and between the said plaintiff and the said makers of the said note and mortgage, that the said plaintiff should lend and advance to the said makers $5,000, and that he, the said plaintiff, should forbear and give day and days of payment of said sum, as in said note is provided, from said day, and that the said makers of said note and mortgage, should for the forbearing and giving of day of payment as aforesaid, give and pay to the said plaintiff, 21 per cent per annum upon said sum of $5,000 so lent and advanced as aforesaid ; and to secure the re-payment of said sum and interest at the rate of 21 per cent per annum, the said makers of said note should make and give to said plaintiff, and he should receive the note and mortgage in the petition mentioned ; and that in pursuance and part performance of said corrupt agreement, the said makers of said note and mortgage did make, execute and deliver the same to said plaintiff, and in further pursuance and part performance of said corrupt

SANDS v. SMITH.

agreement the said plaintiff in said State did lend and advance to said parties, said sum of $5,000; that said agreement was entered into as aforesaid, and said sum paid over and advanced as aforesaid in said State of New York, contrary to the above recited law thereof, whereby, and by force whereof, the said note and mortgage are wholly void."

No reply was filed. The cause was tried on the pleadings. A judgment was rendered for the plaintiff, interest being allowed at 7 per cent per annum. Smith brought this petition in error to reverse the judgment.

*J. M. Woolworth*, for plaintiff in error.

I. In the State of New York this note is usurious and absolutely void, and will not sustain an action. See the statute of that State, in the answer.—*Jackson* v. *Packard*, 6 *Wend.* 415 ; *Hammond* v. *Hopping*, 13 *Wend.* 505, 511.

II. Being thus void where the contract of loan was made and the money advanced, and where it is payable, the note is void here, and will not sustain this action ; and this, upon the principle that the *lex loci contractus* controls the validity of the contract, wherever the contract is sought to be enforced.—2 *Kent's Comm.* 455 ; *Story on Conf. of Laws*, §§ 272, 317–340 ; *Curtis* v. *Leavitt*, 15 *N. Y.* 9, 227, 296 ; *Cutler* v. *Wright*, 22 *N. Y.* 472, 480–9 ; *Fanning* v. *Consequa*, 17 *John.* 511, 518–9 ; *Andrews* v. *Pond*, 13 *Peters*, 65, 78 ; *Slocum* v. *Pomeroy*, 6 *Cranch*, 221 ; *Bell* v. *Bruen*, 1 *How.* 169, 182 ; *Cooper* v. *Earl of Waldegrave*, 2 *Bea.* 282 ; *Rothschild* v. *Currie*, 1 *Q. B.* 43 ; *Thompson* v. *Powles*, 2 *Simons*, 194 ; *Hyde* v. *Goodnow*, 3 *N. Y.* 266 ; *Jewett* v. *Wright*, 30 *N. Y.* 259.

III. The case is not taken out of the rule, by the circumstance that a mortgage upon lands in Nebraska was taken as collateral security.—*Story on Conf. of Laws*, § 287 ; *Chapman* v. *Robertson*, 6 *Paige*, 627 ; *De Wolf* v.

Johnson, 10 Whea. 367, 383 ; Andrews v. Pond, 3 Peters, 65, 78–9.

IV. The fact that the note is dated at Omaha does not change the case, because, the contract of loan having been made in New York, and that State having also been made the place of performance, the presumption arising from the date, as to the place of making the contract, is rebutted ; and the fact is proved to be a mere device to cover the usury.—Pratt v. Adams, 7 Paige, 615, 636–7 ; Armstrong v. Toler, 11 Whea. 258, 271 ; Curtis v. Leavitt, 15 N. Y. 9, 53, 178 ; Jewett v. Wright, 30 N. Y. 258.

Redick and Briggs, for the defendant in error.

I. It was competent for the parties to contract for the highest rate of interest, allowed by the laws of either Nebraska or New York, because the note was dated in one State, and was to be paid in another.—Andrews v. Pond, 13 Peters, 65 ; Miller v. Tiffany, 1 Wallace, 298 ; Curtis v. Leavitt, 15 N. Y. 9.

II. The loan having been secured by a mortgage upon lands in Nebraska, the contract will be governed by the laws of that State.—Depeau v. Humphreys, 20 Martin, 1 ; Chapman v. Robertson, 6 Paige, 627.

CROUNSE, J.

From the pleadings as presented by the record, there is no question but that the agreement for the loan of money expressed in the note in suit, with its terms as to rate of interest, time and place of re-payment, was made in the State of New York, and the money there advanced. The circumstance that the note was made in Omaha, Nebraska, where, at the time, there was no limit to the amount of interest that might be agreed upon by the parties, is relied

SANDS v. SMITH.

on to save the note from being declared void under the laws of New York relating to usury, as set out in the answer of the defendant in the court below. This, it is contended, makes it a case where the contract is entered into at one place to be performed in another, giving the parties liberty to contract for the highest rate of interest allowed by the laws of either.

The fallacy of this argument consists in compounding the contract with the note. It is distinctly charged that the note was executed in pursuance of the agreement made in New York. When that agreement was made, and the money there paid over, the rights and obligations of the respective parties attached ; the note was but evidence of the agreement. Had the note expressed but lawful interest of New York, with the understanding between the parties that the remaining fourteen per cent interest was to be paid as fixed upon when the law was made, the note would be so related to the contract that because of the illegality of the original agreement, no action could be maintained in New York, upon it.—*Merrills* v. *Law*, 9 *Cow.* 65 ; *Macomber* v. *Dunham*, 8 *Wend*, 550 ; 13 *Wend*, 505. So, on the other hand, had the agreement in New York, been for lawful interest, a note given subsequently, expressing a greater interest, would be declared void, while the original agreement would stand.—2 *Pars. on Con. 4th ed.* 392.

These illustrations are given to show that the original agreement is to be considered in the solution of questions of this character. The note is but an incident. In *Hasford* v. *Nichols*, 1 *Paige*, 220, where a contract for the sale of land in New York was made between two citizens of New York, one of whom removed to Pennsylvania, where the contract was afterwards executed, by giving a deed, and taking a mortgage of the premises to secure the payment of the purchase money, in which mortgage the New York rate of interest was reserved, which was greater than that

SANDS *v.* SMITH.

of Pennsylvania, it was held that the giving the deed and taking the mortgage was only a consummation of the original contract made in New York, and that the mortgage was not void for usury.

Here, then, we have a contract both made, and to be performed in the State of New York, and being void by the laws of that State, must be so here.

The cases urged upon the attention of the court by the counsel for defendant in error, have no application.— *Depeau* v. *Humphreys*, 20 *Mart. La.* 1, is a case where a note was given in New Orleans, payable in New York, with the legal interest of Louisiana, being ten per cent, while that of New York is but seven. There it was held by the Supreme Court of Louisiana, that the contract being made in Louisiana, and to be performed in New York, the parties might stipulate for the interest of either State. This case is sustained by *Pecks* v. *Mayo*, 14 *Vt.* 33 ; and *Chapman* v. *Robertson*, 6 *Paige*, 627, while it has the disapproval of Justice STORY.—*Conf. of Laws*, § 298.

Having concluded, that in the case under consideration, the contract was not made in Nebraska, it is unnecessary to consider the case just cited.

The contract of the parties being void by the laws of New York, no action will lie here on the note given under it.

The judgment of the court below must be reversed.